Dear Honorable Harbin,
The Attorney General has received your request for an official opinion asking, in effect:
 Does section 6 of Title 51 O.S. 6 of the Oklahoma Statutes or any other constitutional or statutory provision prohibit a member of the Oklahoma Turnpike Authority from also being a trustee of a Regional Hospital Authority which has a municipality as its beneficiary?
Title 51 O.S. 6 (1981), enacted in 1910, provides in part:
 "Except as may be otherwise provided, no person holding an office under the laws of the state and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state."
The dispositive question is whether members of the Board of a Regional Hospital Authority and of the Oklahoma Turnpike Authority are public officers for purposes of 51 O.S. 6, and, if so, whether there are any exceptions which would permit dual office holding in this circumstance.
A public officer is defined by 67 C.J.S. Officers, 2 as an individual who has been appointed or elected in a manner prescribed by law, who has a title given him by law, and who exercises functions for the benefit of the public. The term "office" was defined in Oklahoma City v. CenturyIndemnity Co., 62 P.2d 94, 97 (Okla. 1936). The Court held:
 "(a) The specific position must be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power[.]"
In State ex rel. Cartwright v. Okla. Industries Auth., 629 P.2d 1244
(Okla. 1981), the Oklahoma Supreme Court unequivocally identified trustees of public trusts as public officers with a responsibility for maintaining records and a duty to make them open for public inspection.
Statutory authorization for the creation of the Oklahoma Turnpike Authority is found at 69 O.S. 1703 (1981) et seq. Title 69 O.S. 1705
(1984) sets forth the powers and duties of the Authority and those duties involve sovereign functions. Subsection (m) enables the Authority to adopt rules and regulations. Section 1709(A) allows the Authority to:
 "provide by resolution, at one time or from time to time, for the issuance of turnpike revenue bonds of the Authority for the purpose of paying all or any part of the cost of any one or more turnpike projects."
The Authority is empowered to collect and pledge revenues. Section 69O.S. 1730(a) provides in part:
 "Motor fuel taxes on fuels consumed on Oklahoma Turnpikes and apportioned to the Authority are declared to be revenues of the Oklahoma Turnpikes, since they are derived directly from the operation of such Turnpikes, and are subject to pledge by the Authority in the same manner as tolls and other revenues of the turnpikes may be pledged, as security for turnpike revenue bonds hereafter issued."
In accordance with the criteria established in Oklahoma City v. CenturyIndemnity Co., supra, a member of the Authority holds a public office.
Additionally, 69 O.S. 1703(b) requires each member of the Authority to take an oath as provided by Article XV, Section 1 of the Constitution of the State of Oklahoma, wherein it is stated in pertinent part:
 "All public officers, before entering upon the duties of their offices, shall take and subscribe to the following oath of affirmation. . . ." (Emphasis added).
Thus, it appears to be intended by legislative enactment that a member of the Oklahoma Turnpike Authority holds a public office. No statute has been found which excludes such member from the prohibition against dual office holding.
As trustees of a Regional Hospital Authority and members of the Oklahoma Highway Authority are public officers holding office under the laws of the State the question then becomes whether the exception in 51O.S. 6 (1981) is applicable to these officers. The exception added by amendment in 1981 states in pertinent part:
 "Provided, that the provisions of this section shall not apply . . . to any person, holding a municipal office or position, who is appointed to a board or commission that relates to municipal government and is created by the United States Government, the State of Oklahoma or a political subdivision of the state, except where the duties of the offices or positions conflict."
An officer of a Regional Hospital Authority who has been appointed to serve on the Oklahoma Turnpike Authority has not been appointed to a "board or commission that relates to municipal government. " The Oklahoma Turnpike Authority simply has been granted no powers, duties or responsibilities for the affairs of any municipal government, whatsoever. See generally, 69 O.S. 1701 (1981) et seq., as amended. No other constitutional or statutory authority has been found which exempts these officers from dual office holding.
It is, therefore, the official opinion of the Attorney General thatthere are no Constitutional or statutory exemptions to the dual officeholding prohibition, 51 O.S. 6 (1981), which would allow a trustee of aRegional Hospital Authority to simultaneously serve as a member of theOklahoma Turnpike Authority.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
BETTY E. HUNTER, ASSISTANT ATTORNEY GENERAL